**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Criminal No. 1:08-CR-132-003** |
| | ) | **Sentencing: 10/16/09** |
| **JORGE PARADA, et al** | ) | **Judge: Liam O'Grady** |
| | ) | |
| **Defendant(s).** | ) | |
| _____ | ) | |

### AMENDED REPLY TO GOVERNMENTS MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

**COMES NOW,** the Defendant, **JORGE PARADA**, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys, and files this reply to the Governments opposition to Defendant's Rules 29(c) and 33 motion and states the following in further support:

### PARADA WAS ENTITLED TO INSTRUCTION UNDER *AVILA*

The Defendant, Jorge Parada was charged in a third Superseding Indictment in addition, in Count Seven with Conspiracy to Distribute Cocaine and the relevant part of the Indictment. (see Third Superseding Indictment). The Indictment and testimony at trial alleged that the PLS clique or MS-13 distributed cocaine for and on behalf of the clique contrary to other credible evidence that was produced at trial, most notably Governments Exhibits 28 and 28A.

The issue for this Court is not whether the evidence is sufficient to convict regardless of the instructional error; rather the Court must determine if Defense Instruction No. 48 – Membership in a Gang as given explained intent and/or Conspiracy - Membership in a Gang. In *Commonwealth v. Huffman*, 638 A.2d at 963, the Pennsylvania Supreme Court, stated that it has often granted new trials on the basis of inadequate, unclear and misleading or inappropriate charges. The Court also noted that even "where the evidence of guilt piles as high as Mt. Everest

on Matterhon, even if the District Attorneys conscientiously believes the defendant to be as guilty as Cain, and no matter with what certainty the Judge views the culpability of the accused at the bar. . ." *Id*. quoting *Commonwealth v. Bishop*, 372 A.2d 794, 797 (Pa. 1977).

Borrowing the reasoning from the Pennsylvania Court, this Court should also not ignore an incorrect and misleading instruction on a matter as fundamental as the burden of showing that the defendant possessed the requisite intent to conspire to distribute narcotics and not based solely on a finding that he was a member of MS-13, PLS clique, as contained in Defense Instruction No. 49.

A Court's refusal to give an instruction requested by a defendant is reversible error if the instruction: "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995). It is undisputed that Defendant's proposed instructions were correct and dealt with some point in the trial that was important to the defense, that is, Conspiracy – Membership in a Gang. Moreover, the instruction on conspiracy given by the Court to the jury did not sufficiently address the issues raised by Defendant's instructions on Conspiracy - Membership in a Gang. *United States v. Scott*, 730 F.2d at 148 (4th Cir. 1984).

A defendant may not be convicted for any crime alleged in the Indictment, in this case, conspiracy to distribute narcotics based solely on a finding that he was a member of MS-13. *U.S. v. Garcia*, 151 F.3d 1243, 1246 (9th Cir. 1998); *U.S. v. Avila*, 465 F.3d 796, 798 (7th Cir. 2006). A defendant has the burden of establishing sufficient evidence of the defense to warrant its submission of the claim to the jury. See *Id*. In this case, the Court allowed testimony of conspiracy and alleged co-conspirators statements from MS-13 members from PLS clique

alleged to be involved in distribution of narcotics. However, <u>the failure to give Defendant's</u> <u>requested instruction resulted in</u> the preclusion of the important element of willful participation, knowingly joining and membership in the alleged conspiracy to distribute narcotics, not just because he is an MS-13 and PLS clique member. <u>Although</u> the Court gave Defense Instruction No. 48[1]:

> <u>It declined to give Defense Instruction #49 which covers</u> defendant's theory of the case:

> JURY INSTRUCTION NO. 49
> <u>Conspiracy---Membership in a Gang</u>

> You may not convict any of the Defendants for any crime alleged in the indictment based solely on a finding that he was a member of MS-13.

> *U.S. v. Garcia*, 151 F.3d 1243, 1246 (9th Cir. 1998)
> *U.S. v. Avila*, 465 F.3d 796, 798 (7th Cir. 2006)
> *U.S. v. Hernandez-Perez, at al*. (Judge Lee--#07CR81)

The failure to give the defendant's Instruction No. 49 in this case impermissibly modified the conspiracy and intent instruction in addition to shifting the prosecution's burden of proof on requisite intent <u>when it involves membership in a gang</u>. The failure to instruct in this case is error because it eliminated the intent element of conspiracy to distribute narcotics by an MS-13 gang member of PLS clique. See *United States v. Scott*, 529 F.2d 338, 340-41 (D.C. Cir. 1975) (erroneous allocation of burden of proof is constitutional error); see also *United States v. Golitschek*, 808 F.2d 195, 203 (2d Cir. 1986) ("Establishing an element of an offense concerning

---

[1] JURY INSTRUCTION NO. 48
Membership in a Gang

It is not a crime to be a member of or associated with MS-13.

*U.S. v. Mansoori*, 304 F.3d 635, 654 (7th Cir. 2002)
*U.S. v. Hernandez-Perez, at al.* (Judge Lee--#07CR81)

a requisite state of mind by a presumption [that everyone knows the law] relieves the prosecution of its burden of proof, contrary to the requirements of due process").

The failure to give defendants theory of the case instruction to the jury prejudiced defendant's right to a fair trial because it "substantially swayed" the jury's verdict and "materially affected the deliberations of the jury." *Kotteakos v. United States*, 328 U.S. 750, 760 (1946); *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978). A reasonable juror could easily have viewed as mandatory, the trial Court's instruction on conspiracy that did not include that the defendant's may not be convicted of the conspiracy based solely on a finding that he was a member of MS-13, PLS clique. See *Avila Supra*.

As Justice Scalia stated in concurring opinion in *California v. Roy*, 519 U.S. 2, 117 S.Ct. 337, 136 L.Ed.2d 266 (1997).

> As we held in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), a criminal defendant is constitutionally entitled to a jury verdict that he is guilty of the crime, and absent such a verdict the conviction must be reversed, "no matter how inescapable the findings to support that verdict might be." *Id.*, at 279, 113 S.Ct., at 2082. A jury verdict that he is guilty of the crime means, of course, a verdict that he is guilty of each necessary element of the crime. *United States v. Gaudin*, 515 U.S. 506, 522-23, 115 S.Ct. 2310, 2319-20, 132 L.Ed.2d 444 (1995). Formally, at least, such a verdict did not exist here: the jury was never asked to determine that Roy had the "intent or purpose of committing, encouraging, or facilitating his confederate's crime. *People v. Beeman*, 35 Cal. 3d 547, 561, 199 Cal. Rptr. 60, 68-69, 674 P.2d 1318, 1326 (1984).

In this case, the failure to give defendant's instruction deprived the jury from determining requisite intent required for conviction on Count Seven.

## CONCLUSION

**WHEREFORE**, the Defendant, by and through counsel respectfully requests this Honorable Court based on the foregoing and any other reasons that may appear to the Court at a hearing on this motion to enter a Judgment of acquittal and/or new trial in the interest of Justice.

Respectfully Submitted,

THE IWEANOGES FIRM, P.C.                         Jorge Parada
                                                 Defendant by Counsel

By: _____/s/_____
     John O. Iweanoge, II (VSB#: 47564)
     IWEANOGE LAW CENTER
     1026 Monroe Street, N.E.
     Washington, DC 20017
     Phone: (202) 347-7026
     Fax:    (202) 347-7108
     Email:  joi@iweanogesfirm.com
     Attorneys for Defendant


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of September, 2009, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:


Jonathan Fahey, AUSA                    Jerome Aquino, Esquire
Jeanine Linehan, AUSA                   Jay Connell, III, Esquire
Inayat Delawala, AUSA                   5901 Kingstown Village Parkway, #302
United States Attorney's Office         Alexandria, Virginia 22315
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314-5794


          Michael Arif, Esquire
          Matthew Greene, Esquire
          8001 Braddock Road, #100
          Springfield, Virginia 22151


                                        _____/s/_____
                                        John O. Iweanoge, II (VSB#: 47564)
                                        IWEANOGE LAW CENTER
                                        1026 Monroe Street, N.E.
                                        Washington, DC 20017
                                        Phone: (202) 347-7026
                                        Fax:    (202) 347-7108
                                        Email:  joi@iweanogesfirm.com
                                        Attorneys for Defendant